## J. W. & A. P. HOWARD CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19863.  Promulgated March 26, 1929.

*J. Marvin Haynes, Esq.*, for the petitioner.
*Philip M. Clark, Esq.*, and *C. C. Holmes, Esq.*, for the respondent.

1098

*OPINION.*

Love: Prior to the fiscal year ended March 31, 1921, the petitioner priced its inventories on the basis of "cost," but when it filed its return on July 15, 1921, for the fiscal year ended March 31, 1921, it priced its closing inventory for such year on the basis of "cost or market, whichever was lower," using a cost basis at the beginning of such year, and the result shown for the year being a substantial loss. What loss would have been shown (though apparently there would have been a loss) had the opening and closing inventories been on the same basis (that is, cost or cost or market, whichever was lower) we are not advised nor do we know whether this return was accepted by the Commissioner as a return in which a change of basis in pricing its inventories might be made, or whether he considered it proper in permitting a change to have an adjustment of the closing inventory, without making a corresponding adjustment in the opening inventory.

When the return was filed for the fiscal year ended March 31, 1920, there existed no authority under the Commissioner's regulations (the basis of inventories being largely a matter of regulations rather than of statute) under which the petitioner who had priced

its inventories in prior years on a cost basis could have changed its basis in its 1920 return to a "cost or market, whichever is lower" basis, merely for the purpose of securing the benefit of a drop in the market prices of its inventory. On December 30, 1920, Treasury Decision 3108 (the whole of which is incorporated in our findings) was issued, which gave to taxpayers the privilege of adopting the "cost or market, whichever is lower" basis for their 1920 inventory regardless of their past practice. On or about November 25, 1921, and after the return for the fiscal year ended March 31, 1921, had been filed on July 15, 1921, the petitioner submitted revised inventory figures on the basis of cost or market, whichever was lower, for the close of the fiscal year ended March 31, 1920, and asked that its tax liability for such year be determined upon such basis. Since cost was lower than market at the beginning of this fiscal year, no adjustment to the opening inventory was necessary in order to place it on the "cost or market, whichever is lower" basis, and consequently we have the situation where opening and closing inventories which the petitioner sought to have accepted were on a consistent basis. The Commissioner refused to accept the revised inventories and the petitioner appealed.

As we understand the situation, there is no controversy save as to the timeliness of the adoption by the petitioner of the "cost or market, whichever is lower" basis. That is, the Commissioner does not question that the regulation in question would be applicable to a fiscal-year taxpayer, situated as the petitioner, where a drop in market prices had occurred prior to the close of its fiscal year ending in 1920, as well as to one on a calendar year basis for 1920, nor is it questioned that had the change been timely made, income would have been properly determined by using the inventories as submitted by the petitioner on the "cost or market, whichever is lower" basis. Our only question then is whether the petitioner is to be denied the right to adopt a new basis for pricing its inventories because it was late in seeking to make the change. We think not. Obviously, the statute vested the Commissioner with a large amount of discretionary authority as to the use of inventories in determining taxable income, but it would likewise seem to follow that a rule, as expressed in the Commissioner's regulations, with respect to the exercise of this discretion would constitute a rule to be followed, unless there appears an unreasonable exercise of discretion in making such rule. Nothing as to the unreasonableness of the regulation in question is here raised and the regulation states that:

* * * A taxpayer may, regardless of his past practice, adopt the basis of "cost or market whichever is lower," for his 1920 inventory, provided a disclosure of the fact and that it represents a change is made in the return.

There can be little question that this petitioner is not foreclosed from the benefit of the foregoing provision because it did not make the change on its return when filed for the reason that the Treasury Decision which amended an existing regulation and gave authority for the change was not promulgated until several months after the return was filed. We do not understand that the Commissioner denies the foregoing conclusion, but he says that if the petitioner desired to make the change it should have done so at or before filing its return for the succeeding fiscal year ended March 31, 1921, which return was filed on July 15, 1921. But we fail to find any published ruling or regulation which would apprise taxpayers of any such rule and certainly the Treasury Decision is silent on this point. It might therefore be said that our question is whether the petitioner, within a reasonable time after it learned that it might revise its inventories for 1920, a return for which year had already been filed, sought to obtain the benefit of the inventory provision in question. Manifestly, if the petitioner had sought the change at a time when to allow the adjustment the rights of the Government would have been prejudiced or inequitably affected, an entirely different situation might be presented. Here, however, the statute had not run on the 1921 return when the revised inventories were submitted, and the returns for the succeeding years had not yet been filed. The petitioner was accordingly not seeking a change when full effect could not have been given to the adjustment in subsequent years and thus prevented a duplicate benefit from the same cause. And, too, it might be unreasonable to allow the change had the petitioner adhered to its old basis on the first return filed after Treasury Decision 3108 was issued, but in this case the petitioner evidenced an intent to make a change when it filed its return for the fiscal year ending March 31, 1921, since the closing inventory for such year was submitted on the basis of cost or market, whichever was lower. It may well be argued that no authority existed for making the change on a return in 1921, and that even if there was such authority the adjustment of the closing inventory without a corresponding adjustment of the opening inventory was not an acceptable method of making the change, but it certainly evidences an intent to adopt a new basis for pricing its inventories. As we understand the purpose of the regulation in question, it was to allow taxpayers the benefit of the sharp decline in prices which occurred after the close of the war, and where the taking of an inventory at cost would reflect a profit which would likely never be realized. In the case at bar, the decline (or at least a substantial part of it) had occurred prior to the end of the fiscal year ended March 31, 1920, and the year to which the regulation referred as being applicable was 1920. It would thus appear that the attempt to adopt a change in basis for 1921 was not effectual for

a change in 1921, but from the fact that this action was taken, coupled with the fact that shortly after filing the 1921 return data was submitted for the adjustment of the 1920 return on the new basis, which the petitioner was evidently seeking to adopt, we think that the change was timely made for the 1920 return. In any event the regulation apparently sought to afford relief on account of an unusual situation which arose after the World War, and when compliance has been made therewith in the manner herein shown, we think the petitioner should be accorded the benefit which would accrue to it by pricing its inventories for 1920 on the basis of cost or market, whichever was lower.

*Judgment will be entered under Rule 50.*